■ In the Matter of the Claim of LIONEL BELANGER, Respondent, v. GREAT ATLANTIC AND PACIFIC TEA COMPANY et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board releasing the Special Fund under subdivision 8 of section 15 from liability on the grounds that the employer did not have knowledge of a permanent pre-existing condition which was a hindrance or obstacle to employment. On July 4, 1958 claimant, an employee of 10 years, tripped over an electrical cord and struck his left leg against an idle truck. This injury aggravated a pre-existing circulatory disease, allegedly developed in World War II, and an ulcer resulted which eventually necessitated amputation of claimant's left leg. Appellant's sole contention here is that the board's determination that the employer did not have the requisite knowledge of the pre-existing condition as required by subdivision 8 of section 15 is not supported by substantial evidence. Of course, this decision is factual and is thus subject to judicial interference only if as a matter of law the board could not have reached the result rendered (*Matter of Doroshenko* v. *General Motors Corp.*, 20 A D 2d 744, 745, mot. for lv. to app. den. 14 N Y 2d 483). Subdivision 8 of section 15 has been construed to require not only proof of knowledge of the pre-existing condition but also proof that a conscious, informed decision was made to hire or continue claimant in employment in view of such knowledge (*Matter of La Count* v. *Kaufman*, 23 A D 2d 614; *Matter of Vance* v. *Ormsby*, 6 A D 2d 960). Here the record reveals that the employer's personnel manager for the branch in which claimant was employed noticed claimant limping in 1953, asked him about it and was told it was a flare-up of an old war injury. There is, however, no indication that he had any exact knowledge of the nature of the claimant's difficulty or made any judgment as to permanency. Beyond this the employer's claims manager testified that on investigating a 1957 absence from work he was informed that claimant's physician had stated that claimant's condition was due to arteriosclerosis from which he concluded claimant's affliction was permanent. His duties, however, were in the area of handling compensation and disability claims, etc., not personnel, and there is no proof that he had any authority as to claimant's employment status. He admittedly did not report his conclusions to claimant's superiors. On the basis of this record we cannot say that the board could not find a failure of proof that responsible management had knowledge of a permanent pre-existing condition which was a hindrance or obstacle to employment. Decision affirmed, with costs to the Special Disability Fund. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.